# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: AMERICAN BOARD OF MEDICAL
SPECIALTIES MAINTENANCE OF
CERTIFICATION ANTITRUST LITIGATION                    MDL No. 2888

## ORDER DENYING TRANSFER

**Before the Panel:**  Plaintiffs in the *Mannis* action listed on Schedule A move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of California.  This litigation consists of three actions, each pending in a separate district, as listed on Schedule A.  In addition, the parties have notified the Panel of one related action, which was filed in the Northern District of Illinois.  All responding parties—the non-moving plaintiffs and the defendants in all four actions—oppose centralization.  Plaintiffs and several defendants alternatively suggest the Northern District of Illinois as the transferee court for this litigation, while one defendant alternatively suggests the Eastern District of Pennsylvania as the transferee court.

On the basis of the papers filed and the hearing held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation.  Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate.  *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010).  Movants have not met that burden here.

These actions involve similar allegations that defendants, which offer certification in various medical specialties, require physicians to purchase and participate in "maintenance of certification" programs in order to maintain their initial board certifications.  Plaintiffs allege that this constitutes an unlawful tying arrangement in violation of antitrust laws.  The similarities, though, end there. Each action names different medical certification boards as defendants, and each is brought on behalf of a different, non-overlapping putative class of physicians.[1]  Thus, individualized discovery and legal issues (such as with respect to the antitrust market at issue in each action) are likely to be

---

[1] Movants insist that the *Mannis* action encompasses the claims and classes in the other actions, because movants assert claims against the American Board of Medical Specialties (ABMS), the umbrella organization for the various medical specialty boards named in these actions.  Non-moving plaintiffs and defendants, though, uniformly maintain (and at oral argument, movants conceded) that ABMS does not itself certify physicians.  Thus, the putative class in each action appears to encompass only those physicians certified by the unique medical certification board defendants named in each action.

-2-

numerous and substantial.  Consequently, there is little risk of conflicting pretrial rulings, particularly with respect to class certification.

To the extent these actions may involve duplicative discovery (particularly with respect to ABMS), alternatives to centralization appear eminently feasible.  Defendants in the *Mannis* litigation, which is pending in the Southern District of California, have moved (in the alternative to dismissal) for transfer of that action to the Northern District of Illinois pursuant to 28 U.S.C. § 1404.  Such a transfer would significantly reduce the multidistrict scope of this litigation.  *See In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012) ("[W]here a reasonable prospect exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to Section 1407 centralization.").

Even if transfer is denied, this litigation involves only four actions pending in three districts, and plaintiffs in three of the actions share counsel.  Informal cooperation among the relatively few involved attorneys and coordination among the involved courts therefore are practicable alternatives to centralization.  Indeed, defendants represented in their briefs to the Panel their willingness to coordinate with plaintiffs to minimize any potential for duplicative discovery or inconsistent pretrial rulings.  *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

Lewis A. Kaplan                     Ellen Segal Huvelle
R. David Proctor                    Catherine D. Perry
Karen K. Caldwell                  Nathaniel M. Gorton

**IN RE: AMERICAN BOARD OF MEDICAL
SPECIALTIES MAINTENANCE OF
CERTIFICATION ANTITRUST LITIGATION**                    MDL No. 2888

## SCHEDULE A

<u>Southern District of California</u>

MANNIS, ET AL. v. AMERICAN BOARD OF MEDICAL SPECIALTIES,
ET AL., C.A. No. 3:19−00341

<u>Northern District of Illinois</u>

SIVA v. AMERICAN BOARD OF RADIOLOGY, C.A. No. 1:19−01407

<u>Eastern District of Pennsylvania</u>

KENNEY, ET AL. v. AMERICAN BOARD OF INTERNAL MEDICINE,
C.A. No. 2:18−05260